IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CATHERINE A. RICHARDS, et al. | * | |
| v. | * | Civil No. JFM-01-439 |
| SHARON HENRY, M.D., et al. | * | |

\*\*\*\*\*

## MEMORANDUM

This is a medical malpractice action originally instituted in the Circuit Court for Baltimore County against various defendants, including Peter Allen, M.D. The action was removed to this court upon the certification of the United States Attorney for this District that Dr. Allen was acting within the scope of his employment as an employee of the United States Army at the time of the alleged malpractice. Thereafter, the United States was substituted as a defendant in place of Dr. Allen. The United States has now filed a motion to dismiss. The motion will be granted.

The basis for the United States' motion is that plaintiffs have not complied with two requirements of the Federal Tort Claims Act: that they file a timely administrative claim, see 28 U.S.C. § 2675(a); Ahmed v. United States, 30 F.3d 514, 516 (4th Cir. 1994), and that they file suit within the applicable two-year statute of limitations, see 28 U.S.C. § 2401(b); McNeil v. United States, 508 U.S. 106 (1993). Plaintiffs admit that they did not comply with these requirements.[1] They assert, however, that they were excused from doing so because they were

---

[1] Plaintiffs do suggest that a letter sent to UMMS by plaintiffs' then counsel on February 13, 1998 constituted notice of a potential claim. In fact, the letter requested records, nothing more. It did not contain any of the information the Federal Tort Claims Act requires in an administrative claim. Moreover, it was not filed with the appropriate federal agency as the Federal Tort Claims Act also requires. Although the Medical Training Agreement between



not aware until shortly before filing suit that Dr. Allen was working at the University of Maryland Medical Systems ("UMMS") (where the alleged malpractice occurred), pursuant to a training agreement between the United States Army and the UMMS. Unfortunately, however strong the equities of plaintiffs' contention may be, it is contrary to governing law. See Gould v. U.S. Dep't of Health and Human Servs., 905 F.2d 738 (4th Cir. 1990); cf. Kelly v. Total Health Care, Inc., 2000 W.L. 151280 (D.Md.), aff'd, 243 F.3d 538 (4th Cir. 2001).

Since the action was removed to this court because of the inclusion of Dr. Allen as a defendant and since the claims against the remaining defendants raise no federal issues, I will enter a further order remanding the action to the Circuit Court for Baltimore City. See Bueno v. Sheldon, 2000 W.L. 565192, at *1 (S.D.N.Y.). I recognize that the removal statutes themselves do not expressly provide for a remand under circumstances such as these. However, I find that I have the implicit power to enter an order of remand since I have the discretion to decline to exercise supplemental jurisdiction over state law claims. See 28 U.S.C. § 1367; Warren v. Joiner, 996 F. Supp. 581, 584-85 (S.D. Miss. 1997).

Finally, in order to give plaintiffs an opportunity to appeal my order of dismissal, I will wait until June 11, 2001 to enter the order of remand.

Date: May 24, 2001

J. Frederick Motz
United States District Judge

---

UMMS and the Department of the Army does require UMMS to notify the Army of any potential claim, the agreement does not purport to confer any rights upon third parties. Indeed, the agreement expressly provides that the United States "may, in its representation of the military resident, assert any defense available under Federal law."